[Cite as *04/15/2010 Case Announcements*, 2010-Ohio-1653.]

## MOTION AND PROCEDURAL RULINGS

**2010-0567. Galloway v. Cook.**
Lucas App. No. L-09-1221, 2010-Ohio-688. This cause is pending before the court as a discretionary appeal and claimed appeal of right. Upon consideration of appellant's jurisdictional memorandum, it is determined by the court that this cause originated in the court of appeals and shall proceed as an appeal of right pursuant to S.Ct.Prac.R. 2.1(A)(1).

It is ordered by the court that the Clerk shall issue an order for the transmittal of the record from the Court of Appeals for Lucas County. Appellant shall file his merit brief within 40 days of the filing of the record with the Clerk of this court, and the parties shall otherwise proceed in accordance with S.Ct.Prac.R. 6.2 through 6.7.

PFEIFER, Acting C.J.

## DISCIPLINARY CASES

**2003-1865 and 2006-1261. Disciplinary Counsel v. Young.**
This cause is pending before the court upon consideration of respondent's petition for reinstatement. Upon consideration of respondent's motion for redaction,

It is ordered that the motion is granted, and counsel for respondent shall come to the Supreme Court of Ohio and redact all personal identifiers, as defined by Rule 44(H) of the Rules of Superintendence for the Courts of Ohio, from the attachments to respondent's petition for reinstatement filed in this case within ten days of the date of this entry.

PFEIFER, Acting C.J.

**2010-0396. In re Cronin.**
On March 4, 2010, and pursuant to Gov.Bar R. V(5)(A)(3), the secretary of the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio certified to the Supreme Court a certified copy of a judgment entry of a felony conviction against Maureen Ann Cronin, an attorney licensed to practice law in the state of Ohio.

Upon consideration thereof and pursuant to Gov.Bar R. V(5)(A)(4), it is ordered and decreed that Maureen Ann Cronin, Attorney Registration No. 0034598, last known business address in Youngstown, Ohio, is suspended from the practice of law for an interim period, effective as of the date of this entry.

It is further ordered that this matter is referred to the Disciplinary Counsel for investigation and commencement of disciplinary proceedings.

It is further ordered that respondent immediately cease and desist from the practice of law in any form and is forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency, or other public authority.

It is further ordered that effective immediately, respondent is forbidden to counsel or advise or prepare legal instruments for others or in any manner perform legal services for others.

It is further ordered that respondent is divested of each, any, and all of the rights, privileges, and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

It is further ordered that before entering into an employment, contractual, or consulting relationship with any attorney or law firm, respondent shall verify that the attorney or law firm has complied with the registration requirements of Gov.Bar R. V(8)(G)(3). If employed pursuant to Gov.Bar R. V(8)(G), respondent shall refrain from direct client contact except as provided in Gov.Bar R. V(8)(G)(1) and from receiving, disbursing, or otherwise handling any client trust funds or property.

It is further ordered that pursuant to Gov.Bar R. X(3)(G), respondent shall complete one credit hour of continuing legal education for each month or portion of a month of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(3)(G), respondent shall complete one credit hour of instruction related to professional conduct required by Gov.Bar R. X(3)(A)(1) for each six months or portion of six months of the suspension.

It is further ordered that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio, (2) respondent complies with this and all other orders issued by this court, (3) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio, and (4) this court orders respondent reinstated.

It is further ordered, sua sponte, by the court that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, sua sponte, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against respondent pursuant to Gov.Bar R. VIII(7)(F), respondent shall reimburse that amount to the Clients' Security Fund within 90 days of the notice of such award.

It is further ordered that on or before 30 days from the date of this order, respondent shall:

1. Notify all clients being represented in pending matters and any co-counsel of respondent's suspension and consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in respondent's place;

2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in respondent's possession or control;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties of respondent's disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all such notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

It is further ordered that respondent shall keep the Clerk and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

It is further ordered, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings. All case documents are subject to Rules 44 through 47 of the Rules of Superintendence for the Courts of Ohio, which govern access to court records.

It is further ordered, sua sponte, that service shall be deemed made on respondent by sending this

order and all other orders in this case to respondent's last known address.

It is further ordered that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.