DISCIPLINARY COUNSEL *v.* ZAPOR.

[Cite as *Disciplinary Counsel v. Zapor*, 127 Ohio St.3d 372, 2010-Ohio-5769.]

*Attorneys — Misconduct — Indefinite license suspension.*

(No. 2010-1234 — Submitted September 15, 2010 — Decided

December 2, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 09-043.

_____

**Per Curiam.**

{¶ 1} Respondent, Jeffery Alan Zapor, last known business address in Sylvania, Ohio, Attorney Registration No. 0079076, was admitted to the practice of law in Ohio in 2005. In June 2009, relator, Disciplinary Counsel, filed a complaint against respondent alleging that respondent had misappropriated funds from a ward's account while he was a court-appointed guardian. Respondent answered. In December 2009, respondent was convicted of theft, a fifth-degree felony, and we imposed an interim felony suspension on respondent in March 2010. *In re Zapor*, 124 Ohio St.3d 1499, 2010-Ohio-765, 922 N.E.2d 232. On January 10, 2010, the disciplinary case was submitted on stipulations to the panel of the Board of Commissioners on Grievances and Discipline, despite the panel's stated wish to assess respondent's current psychological condition at a hearing. Consistent with the stipulations, the panel recommended that respondent be indefinitely suspended from the practice of law in Ohio. Because respondent declined to attend a formal hearing, the panel also recommended that respondent not be given any credit for the interim felony suspension we imposed. The board accepted the recommendation, and neither party filed any objections. For the reasons that follow, we accept the board's findings of fact, conclusions of law, and recommended sanction, albeit with conditions for reinstatement.

**Misconduct**

{¶ 2} The parties stipulated to the following facts:

{¶ 3} In 2007, respondent was appointed by the Franklin County Probate Court as guardian for a ward whose only assets were her Ohio Public Employees Retirement System pension, Social Security benefits, and a house. For a year and a half, respondent made unauthorized withdrawals from the ward's account totaling over $20,000. The thefts resulted in several account overdrafts. The improperly withdrawn funds were used by respondent to pay his personal expenses. In two accountings to the court, respondent falsely represented that he had collected and deposited the ward's Social Security checks into the account and had not made any withdrawals in excess of the monthly withdrawal amount that the court had authorized for the ward's care.

{¶ 4} When the theft was discovered, respondent was indicted under R.C. 2913.02, a fifth-degree felony. Respondent pleaded guilty to the theft charge, and the court ordered that he serve one year of community control, pay a fine, and provide complete restitution.

{¶ 5} In addition to stipulating to certain facts and exhibits, respondent stipulated to having violated the following Rules of Professional Conduct: Prof.Cond.R. 1.3 (requiring reasonable diligence and promptness in representing a client); 3.3(a)(1) (prohibiting making a false statement of fact to a tribunal), 8.4(b) (prohibiting illegal activity that reflects adversely on the lawyer's honesty or trustworthiness), 8.4(c) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (prohibiting conduct that is prejudicial to the administration of justice), and 8.4(h) (prohibiting conduct that adversely reflects on the lawyer's fitness to practice law). The stipulations included a recommended sanction of an indefinite suspension. The panel and the board adopted these stipulated findings and conclusions of law, and we adopt the findings and conclusions of the board.

**Sanction**

**{¶ 6}** In determining the appropriate sanction for an attorney's misconduct, we consider all relevant factors, including the duties violated by the lawyer and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. We also consider the aggravating and mitigating factors listed under Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Cuyahoga Cty. Bar Assn. v. Poole*, 120 Ohio St. 3d 361, 2008-Ohio-6203, 899 N.E.2d 950, ¶ 9. "Because each disciplinary case is unique, we are not limited to the factors specified in the rule but may take into account 'all relevant factors' in determining what sanction to impose. BCGD Proc.Reg. 10(B)." *Dayton Bar Assn. v. Schram*, 122 Ohio St.3d 8, 2009-Ohio-1931, 907 N.E.2d 311, ¶ 8.

**{¶ 7}** The parties stipulated to several mitigating factors: (1) absence of prior disciplinary record, (2) restitution, (3) cooperative attitude, and (4) imposition of other penalties. BCGD Proc.Reg. 10(B)(2)(a), (c), (d), and (f). No aggravating factors were contained in the stipulations, but the board concluded that the following factors were supported by the record: (1) dishonest or selfish motive, (2) pattern of misconduct, and (3) multiple offenses. BCGD Proc.Reg. 10(B)(1)(b), (c), and (d).

**{¶ 8}** In considering the appropriate sanction, the board noted that respondent testified at length in his deposition concerning his abuse of alcohol and his gambling as well as his participation in an outpatient alcohol program and Alcoholics Anonymous, even though the stipulations failed to address whether respondent suffered from a chemical dependency or mental disability under BCGD Proc.Reg. 10(B)(2)(g). That provision delineates that a chemical dependency or mental disability may be mitigating if the requisite findings are made. In its review of this matter, however, the board concluded that respondent

had not established a causal connection between his impairments and his misconduct to satisfy this mitigating factor. Similarly, respondent has not established that he has successfully completed a chemical-dependency or mental-illness treatment program. Nor did the board find in the record a professional prognosis that respondent would be able to return to the competent, professional, and ethical practice of law under specified conditions.

{¶ 9} Moreover, the board observed that despite being encouraged by the panel chair to present BCGD Proc.Reg. 10(B)(2)(g) mitigation testimony at a formal hearing, respondent declined. Respondent also acknowledged that he is not currently in compliance with his Ohio Lawyers Assistance Program ("OLAP") contract, which expires in November 2013.

{¶ 10} The board noted that disbarment is the presumptive sanction for misappropriation. *Disciplinary Counsel v. Hunter*, 106 Ohio St.3d 418, 2005-Ohio-5411, 835 N.E.2d 707, ¶ 37. Nevertheless, mitigating circumstances can support the penalty of indefinite suspension. See, e.g., *Columbus Bar Assn. v. Thomas*, 124 Ohio St.3d 498, 2010-Ohio-604, 924 N.E.2d 352, ¶ 29. In *Thomas*, even though the court did not find any chemical-dependency or mental-illness mitigation, the court adopted as a mitigating factor the panel's conclusion that the misconduct was "born more of financial necessity than greed." Id. at ¶ 31. The *Thomas* court further adopted the panel statement that despite the respondent's failure to make restitution, "the Panel does not believe that Respondent's destitute financial situation should result in a more severe punishment. This is Respondent's first offense; he was fully cooperative with the investigation and prosecution of his case; and Respondent convinced the Panel that he was truly sorry for his conduct. His will be a difficult journey back to reinstatement. Not only will he have to support his family of six * * * without a law license, but he will have to also garner sufficient funds to repay his client a rather substantial amount of money plus accumulated interest." Id. at ¶ 34.

**{¶ 11}** In this case, the board stated that respondent had seemed genuinely contrite and had confessed that he had misappropriated the funds because of financial difficulties. Respondent's testimony also suggested that he has taken steps to resolve his substance-abuse and gambling problems, which he claims played at least some role in his poor choices. With the assistance of his family, respondent has made all the restitution ordered in the criminal case. However, the board also stated that upon respondent's request for reinstatement, he would need to establish that he is fit to return to the practice of law and that he has controlled his depression and substance-abuse and gambling problems.

**{¶ 12}** Based on the foregoing, we accept the board's recommended sanction and indefinitely suspend respondent from the practice of law, without any credit for time served under the interim felony suspension. We modify the board's recommendation, however, in one respect. Before respondent may petition for reinstatement, respondent must comply with the following conditions: (1) extend his OLAP contract to run for two additional years from the current expiration date, (2) abide by the obligations imposed upon him by his OLAP contract, (3) continue his treatment and provide proof of that treatment and any other medical information that may be requested by his OLAP contract monitor, and (4) refrain from any disciplinary violations. Costs are taxed to respondent.

Judgment accordingly.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Carol A. Costa, Assistant Disciplinary Counsel, for relator.

Jeffery Alan Zapor, pro se.

_____