COLUMBUS BAR ASSN. *v.* HUNTER.

[Cite as *Columbus Bar Assn. v. Hunter,* 130 Ohio St.3d 355, 2011-Ohio-5788.]

*Attorneys—Misconduct—Indefinite suspension.*

(No. 2011-1040—Submitted August 8, 2011—Decided November 15, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 10-071.

_____

**Per Curiam**.

{¶ 1} Respondent, Kyle Lee Hunter of Columbus, Ohio, Attorney Registration No. 0069099, was admitted to the practice of law in Ohio in 1998. On May 24, 2010, we suspended Hunter's license to practice law on an interim basis following his felony conviction for failure to report a cash payment of more than $10,000 in his law practice in violation of Sections 5331 and 5322(a), Title 31, U.S.Code and former Section 103.30, Title 31, C.F.R. *In re Hunter*, 125 Ohio St.3d 1431, 2010-Ohio-2261, 927 N.E.2d 4.

{¶ 2} In August 2010, relator, Columbus Bar Association, filed a complaint alleging that the conduct underlying Hunter's felony conviction also violated the Rules of Professional Conduct. Relator later amended its complaint to allege additional misconduct arising from Hunter's handling of two client matters and his client trust account.

{¶ 3} The parties submitted stipulations of fact and misconduct and jointly waived a formal hearing on the matter. A panel of the Board of Commissioners on Grievances and Discipline adopted the stipulations without modification and recommended that Hunter be indefinitely suspended from the practice of law and that his reinstatement be conditioned upon the completion of his supervised release and satisfaction of any fee-arbitration award entered in

favor of a client harmed by his misconduct. The board adopted the stipulated facts and the recommended sanction, except that rather than conditioning Hunter's reinstatement upon the satisfaction of a potential arbitration award, the board recommends requiring him to make restitution to those harmed by his misconduct. We adopt the stipulated findings of fact and misconduct, as well as the sanction and conditions for reinstatement recommended by the board.

## Misconduct

### Count One

{¶ 4}   The parties have stipulated and the board has found that on January 6, 2010, Hunter pleaded guilty to one felony count of receiving more than $10,000 in cash in the course of his trade or business as an attorney and failing to report it as required by law. In April 2010, a federal court accepted Hunter's plea, sentenced him to a six-month term of imprisonment, and fined him $100. Now released from federal prison, he is subject to three years of supervision that will require him to participate in testing and treatment for drug and alcohol abuse, to receive mental-health treatment, and to perform 50 hours of community service within the first year of his release.

{¶ 5}   The parties have stipulated, and the board has found, that Hunter's conduct violates Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

### Count Two

{¶ 6}   With respect to count two, the parties have stipulated that in April 2008, Hunter agreed to represent Trina M. Scott on a contingent-fee basis in a personal-injury and property-damage matter arising from a vehicle collision. Scott gave Hunter all the documentation he requested. Hunter assured Scott that

he would handle the case in a timely and effective manner, represented that he was working on the case, and gave her the impression that he had submitted her claim to the appropriate insurance carrier. In fact, he did little or nothing to advance her case. Scott had difficulty reaching Hunter, and in November 2009, Hunter advised her that he would soon face criminal charges that would render him ineligible to practice law. Scott had to obtain new counsel to pursue her claims. Due to respondent's inaction, Scott did not timely receive the compensation to which she was entitled, and some of her medical providers filed collection actions against her.

{¶ 7} The parties have stipulated and the board has found that Hunter's conduct in the Scott matter violates Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4 (requiring a lawyer to reasonably communicate with a client), and 8.4(h).

*Count Three*

{¶ 8} In June 2009, Charles Brian Strickler III paid a $2,000 retainer to secure Hunter's representation in a divorce and custody proceeding. In the fall of 2009, Hunter stopped keeping Strickler fully informed about the status of his case. A significant amount of legal work still remained to be done when, in November 2009, Hunter advised Strickler that he would have to withdraw from his case due to personal problems with the Internal Revenue Service ("IRS").

{¶ 9} Hunter sought new counsel for Strickler, arranged for him to meet with the other lawyer, and gave him some documents to take to the meeting. He later sent the case materials in his possession to the other attorney. Although Hunter stated that he would file a notice of withdrawal with the court, he did not do so. He was removed from the case when Strickler's new attorney filed a notice of substitution of counsel.

{¶ 10} Hunter maintains that he has earned all the fees he received from Strickler, but he has not provided an accounting to substantiate his claim. Hunter stipulates that if called as a witness, Strickler would testify that he requested an accounting and a refund of some or all of his fees. Despite Hunter's belief that he has earned the fees he has received in this case, Hunter has stipulated that if and when Strickler seeks binding fee arbitration through the Columbus Bar Association's fee-arbitration program, he will immediately agree to participate. Hunter further stipulated that his conduct harmed Strickler by delaying his case for many months, causing him to obtain new counsel, and depriving him of the full value of the fees paid to Hunter.

{¶ 11} The parties have stipulated and the board has found that these facts clearly and convincingly demonstrate violations of Prof.Cond.R. 1.1, 1.3, 1.4, and 8.4(h).

*Count Four*

{¶ 12} Between April and June 2010, Hunter held client funds that should have been in his client trust account. On two occasions, however, Hunter wrote checks that caused the account to become overdrawn—once by $298.17 and another time by $38.88. Hunter stipulates that he did not maintain adequate accounting procedures and reconciliation methods to prevent such overdrafts and that his conduct violated Prof.Cond.R. 1.15(a) (requiring a lawyer to hold property of clients separate from the lawyer's own property in an interest-bearing client trust account) and 8.4(h).

*Findings of Fact and Misconduct*

{¶ 13} We adopt the facts and findings of misconduct as stipulated by the parties and found by the board. The board has dismissed several alleged violations for lack of sufficient evidence. We find, however, that the parties have also failed to submit any evidence tending to demonstrate that respondent has violated Prof.Cond.R. 1.16(d) (requiring a lawyer withdrawing from

representation to take steps reasonably practicable to protect a client's interest) and 1.16(e) (requiring a lawyer to promptly refund any unearned fee upon the lawyer's withdrawal from employment) as charged in count two of the amended complaint. Therefore, we dismiss those alleged violations as well.

**Sanction**

**{¶ 14}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

**{¶ 15}** The parties have stipulated and the board has found that the aggravating factors in this case are a dishonest or selfish motive, a pattern of misconduct involving multiple offenses, and the vulnerability of and resulting harm to victims of the misconduct. See BCGD Proc.Reg. 10(B)(1)(b), (c), (d), and (h). Mitigating factors include the absence of a prior disciplinary record, full and free disclosure to the board, a cooperative attitude toward the disciplinary proceeding, and the imposition of other penalties or sanctions in Hunter's criminal case. See BCGD Proc.Reg. 10(B)(2)(a), (d), and (f).

**{¶ 16}** Citing his acceptance of responsibility for his actions and his cooperation in this disciplinary proceeding, Hunter argues that an 18-month suspension is the appropriate sanction for his misconduct. But Hunter offers no caselaw to support his requested sanction.

**{¶ 17}** Relator observes: " It is not a minor, harmless event when a * * * lawyer betrays the trust placed in him by the courts, the profession and the public.

If a lawyer defending people accused of crime becomes enmeshed in a criminal enterprise himself, it is a stain upon the profession and a detriment to the public's view of lawyers."

{¶ 18} Relator cites a number of cases imposing sanctions on attorneys who have engaged in criminal conduct, ranging from two years to permanent disbarment. See *Cincinnati Bar Assn. v. Zins*, 116 Ohio St.3d 1, 2007-Ohio-5263, 875 N.E.2d 941, ¶ 14 (imposing a two-year suspension with no credit for time served under an interim felony suspension for an attorney convicted of identity fraud); *Disciplinary Counsel v. Stern*, 106 Ohio St.3d 266, 2005-Ohio-4804, 834 N.E.2d 351 ¶ 8 (permanently disbarring an attorney convicted of federal drug crimes, maliciously damaging a building by fire, and money laundering).

{¶ 19} The majority of opinions cited by relator, however, imposed indefinite suspensions for similar criminal conduct. See *Disciplinary Counsel v. Smith*, 128 Ohio St.3d 390, 2011-Ohio-957, 944 N.E.2d 1166, ¶ 6, 10 (imposing an indefinite suspension with credit for time served on an attorney convicted of conspiracy to defraud the IRS, making false tax returns, and corruptly endeavoring to obstruct and impede an IRS investigation. Reinstatement was conditioned on the completion of federal supervised release, execution of a final agreement to pay restitution, and completion of federal supervised release); *Disciplinary Counsel v. Zapor*, 127 Ohio St.3d 372, 2010-Ohio-5769, 939 N.E.2d 1230, ¶ 12 (imposing an indefinite suspension and conditioning reinstatement on the extension of and compliance with an Ohio Lawyers Assistance Program contract, for an attorney convicted of felony theft from a ward's account); *Cincinnati Bar Assn. v. Kellogg*, 126 Ohio St.3d 360, 2010-Ohio-3285, 933 N.E.2d 1085, ¶ 2, 26 (imposing an indefinite suspension and requirement that federal supervised release be completed prior to any petition for reinstatement for attorney convicted of money laundering, conspiracy to commit money laundering, and conspiracy to obstruct proceedings before both the United States Federal

Trade Commission and the Food and Drug Administration); *Disciplinary Counsel v. Gittinger*, 125 Ohio St.3d 467, 2010-Ohio-1830, 929 N.E.2d 410, ¶ 33, 35, 49 (imposing an indefinite suspension with credit for time served under an interim felony suspension and conditioning reinstatement on completion of supervised release for an attorney convicted of money laundering and conspiracy to commit bank fraud); and *Disciplinary Counsel v. Bennett*, 124 Ohio St.3d 314, 2010-Ohio-313, 921 N.E.2d 1064, ¶ 2, 28 (imposing an indefinite suspension, with credit for time served under an interim felony suspension, and conditioning reinstatement on completion of supervised release for an attorney convicted of illegally structuring currency transactions to evade taxation).

{¶ 20} The panel recommended that Hunter be indefinitely suspended from the practice of law in Ohio and that reinstatement be contingent on his successful completion of supervised release and his payment of any restitution ordered by an arbitrator of the Columbus Bar Association's fee-arbitration program. The board adopted the panel's recommended sanction but recommends that respondent be required to make "restitution to persons harmed by Respondent's misconduct," rather than leave the issue of restitution to an arbitrator. Neither party has objected to the board's recommendation.

{¶ 21} Having considered respondent's conduct, the applicable aggravating and mitigating factors, and the sanctions imposed for similar misconduct, we conclude that an indefinite suspension, with reinstatement conditioned upon completion of Hunter's federal supervised release and the payment of restitution to persons harmed by his misconduct, is the appropriate sanction for Hunter's ethical violations.

{¶ 22} Accordingly, Kyle Lee Hunter is indefinitely suspended from the practice of law in Ohio and ordered to make restitution to Charles Brian Strickler III of his entire $2,000 retainer and reimburse the Clients' Security Fund for the

total amount of any awards paid by the fund to former clients of respondent as a result of his misconduct in this case. Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jeffrey C. Rogers, Bruce A. Campbell, Bar Counsel, and A. Alysha Clous, Assistant Bar Counsel, for relator.

Kyle Lee Hunter, pro se.

_____