DISCIPLINARY COUNSEL *v.* ASANTE.

[Cite as *Disciplinary Counsel v. Asante,* 133 Ohio St.3d 102, 2012-Ohio-3906.]

*Attorneys—Misconduct—Violations of immigration law—Indefinite suspension.*

(No. 2010-1782—Submitted February 8, 2012—Decided September 4, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and
Discipline of the Supreme Court, No. 10-031.

_____

**Per Curiam.**

{¶ 1} Respondent, Lilian Antwiwaa Asante of Accra, Ghana, Attorney Registration No. 0079520, was admitted to the practice of law in Ohio in 2005. Relator, disciplinary counsel, filed a complaint in April 2010, charging Asante with multiple violations of the Rules of Professional Conduct. On October 15, 2010, the Board of Commissioners on Grievances and Discipline issued a report pursuant to BCGD Proc.Reg. 11(D) recommending that this court accept the parties' consent-to-discipline agreement. The parties had stipulated that Asante had violated numerous provisions of the Ohio Rules of Professional Conduct and that a two-year suspension from the practice of law was the appropriate sanction.

{¶ 2} We rejected the board's recommendation and remanded the matter to the board "for further proceedings, including consideration of a harsher sanction." *Disciplinary Counsel v. Asante*, 127 Ohio St.3d 1495, 2011-Ohio-18, 939 N.E.2d 864. On remand, the parties submitted stipulations of fact and misconduct, and an appointed panel conducted a hearing. Asante appeared remotely from Ghana by telephone. The panel adopted the parties' stipulations, and after considering Asante's testimony and the parties' posthearing briefs, the

panel recommended that Asante be indefinitely suspended from the practice of law. The board adopted the panel's report.

{¶ 3} We adopt the board's findings of fact and conclusions of law, and we adopt the board's recommendation that Asante be indefinitely suspended from the practice of law.

**Misconduct**

{¶ 4} Asante entered the United States from Ghana on August 2, 2002, to attend the Ohio State University Moritz College of Law. Asante was married to Kwadwo Asante, who entered the United States from Ghana on August 26, 2002, to attend Case Western Reserve University. Their marriage was dissolved in Ghana on May 5, 2004.

{¶ 5} Asante was admitted to the practice of law on November 7, 2005, and began practicing immigration law in Columbus, Ohio. On February 25, 2006, Asante married Randy Weight, who was a United States citizen residing in Florida. Asante and Weight submitted an application for Asante to become a permanent legal resident of the United States on September 18, 2006, filed additional forms in January 2009, and attended an immigration interview in Florida on June 18, 2009. During her marriage to Weight, Asante resided in Ohio with Kwadwo Asante. Asante's child with Kwadwo Asante was born in October 2008.

{¶ 6} On August 4, 2009, Asante was indicted in the United States District Court, Southern District of Ohio, for entering into a fraudulent marriage for purposes of evading United States immigration law, in violation of 8 U.S.C. 1325(c) and 18 U.S.C. 2. Asante pleaded guilty to a violation of 8 U.S.C. 1325(c). Asante was sentenced to two years of probation, and she stipulated to an order of removal. Asante departed from the United States on January 28, 2010, and returned to Ghana. We suspended Asante's license to practice law, pursuant

to Gov.Bar R. V(5)(A)(4), due to her felony conviction. *In re Asante*, 124 Ohio St.3d 1496, 2010-Ohio-765, 922 N.E.2d 230.

{¶ 7} The board agreed with the parties' stipulations that Asante's conduct prior to February 1, 2007, involved violations of DR 1-102(A)(3) (prohibiting a lawyer from engaging in illegal conduct involving moral turpitude), 1-102(A)(4) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), and 1-102(A)(6) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). Further, the board agreed with the parties' stipulations that Asante's conduct after February 1, 2007, involved violations of Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), 8.4(c) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (prohibiting conduct that is prejudicial to the administration of justice), and 8.4 (h) (prohibiting conduct that adversely reflects on the lawyer's fitness to practice law).

### Sanction

{¶ 8} When imposing sanctions for attorney misconduct, we weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. In making a final determination, we consider a number of factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. Because each disciplinary case is unique, we are not limited to the factors specified in the rule but may take all relevant factors into account in determining what sanction to impose. BCGD Proc.Reg. 10(B).

**{¶ 9}**   In terms of mitigating factors, the board found that Asante had no prior record of professional misconduct, that she provided full and free disclosure during disciplinary counsel's investigation, that she was cooperative during the disciplinary proceedings, and that she had suffered the imposition of other penalties and sanctions.  BCGD Proc.Reg. 10(B)(2)(a), (d), and (f).  In terms of aggravating factors, the board found that Asante had acted with a dishonest or selfish motive.  BCGD Proc.Reg. 10(B)(1)(b).  Asante requested a sanction of two years of suspension from the practice of law, with credit for the period of her interim felony suspension.   Disciplinary counsel requested that Asante be indefinitely suspended with no credit for the interim suspension.   The board agreed with disciplinary counsel's request for indefinite suspension, and neither party has filed objections to the board's recommendation.

**{¶ 10}** This court has commonly imposed indefinite suspensions for similar violations of the Rules of Professional Conduct involving criminal conduct.  *E.g. Columbus Bar Assn. v. Hunter*, 130 Ohio St.3d 355, 2011-Ohio-5788, 958 N.E.2d 567, ¶ 1-2, 21 (indefinitely suspending an attorney following his felony conviction for failing to report a cash payment in excess of $10,000 in his law practice to the Financial Crimes Enforcement Network as required by federal law and additional misconduct of neglecting client matters and mishandling client funds); *Disciplinary Counsel v. Smith,* 128 Ohio St.3d 390, 2011-Ohio-957, 944 N.E.2d 1166, ¶ 5, 16 (indefinitely suspending an attorney convicted of conspiracy to defraud the IRS, making false tax returns, and corruptly endeavoring to obstruct and impede an IRS investigation); *Cincinnati Bar Assn. v. Kellogg,* 126 Ohio St.3d 360, 2010-Ohio-3285, 933 N.E.2d 1085, ¶ 2, 26 (indefinitely suspending an attorney convicted of money laundering, conspiracy to commit money laundering, and conspiracy to obstruct proceedings before both the United States Federal Trade Commission and the Food and Drug Administration); *Disciplinary Counsel v. Gittinger,* 125 Ohio St.3d 467, 2010-

Ohio-1830, 929 N.E.2d 410, ¶ 33, 35, 49 (indefinitely suspending an attorney convicted of money laundering and conspiracy to commit bank fraud); *Disciplinary Counsel v. Bennett,* 124 Ohio St.3d 314, 2010-Ohio-313, 921 N.E.2d 1064, ¶ 2, 28 (indefinitely suspending an attorney convicted of illegally structuring currency transactions to evade taxation); and *Dayton Bar Assn. v. Brunner*, 91 Ohio St.3d 398, 746 N.E.2d 596 (2001) (indefinitely suspending an attorney convicted of bank fraud and conspiracy to commit tax fraud, arising from a real estate transaction).

**{¶ 11}** Here, within months of being admitted to the practice of law in Ohio, Asante began to engage in a years-long series of fraudulent acts against the United States government for personal gain. Moreover, Asante attempted to defraud the United States Citizenship and Immigration Services while she herself was running an immigration-law practice. If a lawyer assisting people with the immigration process becomes enmeshed in immigration fraud herself, " 'it is a stain upon the profession and a detriment to the public's view of lawyers.' " *Hunter* at ¶ 17, quoting the relator's brief. Having considered the totality of the circumstances surrounding Asante's misconduct, the applicable aggravating and mitigating factors, and the sanctions imposed for similar misconduct, we conclude that an indefinite suspension is the appropriate sanction for Asante's violations of the Rules of Professional Conduct. We therefore adopt the board's recommendation.

**{¶ 12}** Accordingly, Asante is indefinitely suspended from the practice of law in the state of Ohio. Costs are taxed to Asante.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Heather L. Coglianese, for relator.

Lilian Asante, pro se.

_____