DISCIPLINARY COUNSEL *v.* SCHWARTZ.

[Cite as *Disciplinary Counsel v. Schwartz,* 135 Ohio St.3d 127,

2012-Ohio-5850.]

*Attorney misconduct, including engaging in illegal conduct involving moral turpitude and engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Permanent disbarment.*

(No. 2012-0644—Submitted August 21, 2012—Decided December 12, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 11-008.

_____

**Per Curiam.**

{¶ 1} Robert Leon Schwartz, Attorney Registration No. 0000818, was admitted to the practice of law in Ohio in October 1964. For most of his legal career, Schwartz practiced as a sole practitioner specializing in representation of plaintiffs in personal-injury cases. In a previous disciplinary case, Schwartz was issued a public reprimand because of a conflict-of-interest situation in which Schwartz represented both a personal-injury plaintiff and her health insurer. *See Cincinnati Bar Assn. v. Schwartz*, 74 Ohio St.3d 489, 660 N.E.2d 422 (1996).

{¶ 2} On June 8, 2010, the United States District Court for the Southern District of Ohio, Western Division, entered a judgment finding Schwartz guilty of two felony counts. As a result, we issued an interim suspension of Schwartz's license to practice law on August 5, 2010. *See In re Schwartz*, 126 Ohio St.3d 1526, 2010-Ohio-3605, 931 N.E.2d 127.

{¶ 3} On February 14, 2011, relator, disciplinary counsel, filed a two-count complaint against Schwartz that parallels the two counts of Schwartz's felony conviction. Count One concerns Schwartz's conviction for mail fraud in

connection with his scheme to defraud Hadassah Hospital, a beneficiary of the estate of Beverly W. Hersh, of approximately $2,492,469 between May 5, 2005, and May 6, 2009. Count Two concerns the filing of a false tax return for tax year 2007, in which Schwartz failed to report three types of income: income he paid himself from the Hersh trust, income he diverted from the trust to care for his mother, and income from other legal fees.

{¶ 4} The complaint went to hearing before the panel on December 5, 2011. Schwartz, who was incarcerated, testified by telephone, and an attorney appeared at the hearing on his behalf. Relator presented a case based on documentation of Schwartz's guilty plea in which he stipulated to the factual bases for his conviction.

{¶ 5} With respect to Count One, the complaint charged, and the panel and the board found, that Schwartz's conduct prior to February 1, 2007, the effective date of the Rules of Professional Conduct, constituted violations of the Code of Professional Responsibility, specifically DR 1-102(A)(3) (prohibiting a lawyer from engaging in illegal conduct involving moral turpitude), 1-102(A)(4) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1-102(A)(6) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). With respect to Schwartz's conduct on or after February 1, 2007, the complaint charged, and the panel and the board found, violations of the Rules of Professional Conduct as follows: Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(h) (prohibiting a lawyer from engaging in conduct reflecting adversely on the lawyer's fitness to practice law).

**{¶ 6}** With respect to Count Two, the false tax return for tax year 2007, the complaint charged, and the panel and the board found, violations of Prof.Cond.R. 8.4(b), 8.4(c), and 8.4(h). After weighing the aggravating and mitigating factors, the panel overruled relator's recommendation of disbarment and recommended indefinite suspension with reinstatement conditioned on Schwartz's completing his supervised release and making full restitution. The board adopted the panel's findings of fact and conclusions of law, but recommends permanent disbarment.

**{¶ 7}** We adopt the board's recommendation, and we order that Schwartz be permanently disbarred from the practice of law.

### Misconduct

**{¶ 8}** The facts underlying Schwartz's conviction for mail fraud and tax fraud were stipulated to by Schwartz himself as part of the federal court's adoption of the plea agreement.

### *Background*

**{¶ 9}** On or about May 9, 2003, Schwartz was given power of attorney for the financial affairs of a wealthy elderly friend and client named Beverly W. Hersh. Schwartz assisted Hersh in preparing several codicils to her will and arranged for the preparation of three trust agreements and subsequent amendments thereto by a local Cincinnati law firm.

**{¶ 10}** Hersh's estate plan provided that as of December 13, 2003, her adjusted estate was to be placed in the Beverly W. Hersh Trust, dated September 23, 2003. Thereafter, the estate plan provided for distribution of the adjusted estate as follows: (1) 20 percent to Hadassah Hospital, (2) 30 percent to the Beverly W. Hersh Charitable Trust, dated December 13, 2003, and (3) 50 percent to the Hersh Revocable Trust, dated December 13, 2003. Schwartz was named executor and trustee for the related trusts.

**{¶ 11}** As for the funds of the Beverly W. Hersh Charitable Trust, they were to be distributed to organizations with Internal Revenue Code 501(c)(3) tax-exempt status, like Hadassah Hospital, which was a 501(c)(3) organization. The funds of the Hersh Revocable Trust were to be distributed at the sole discretion of Schwartz, as trustee, to organizations or to individuals in a manner that would assist them with overcoming financial and substance-abuse issues and help them live more fulfilling lives and to provide benefits to those who assisted and befriended Mrs. Hersh during her life.

**{¶ 12}** On May 5, 2005, Beverly Hersh died. The estate tax return, which Schwartz in his capacity as executor and trustee filed on behalf of the Hersh estate on or about August 2, 2006, indicated that Hadassah Hospital was to receive approximately $2,502,469, while the Hersh Charitable Trust was to receive approximately $3,756,703. The remaining residual estate balance of approximately $6,261,172 was to be disbursed at Schwartz's direction through the Hersh Revocable Trust—which was also known as the Hersh Private Trust or the Hersh Discretionary Trust.

*Count One: Fraud and the Hadassah Hospital Bequest*

**{¶ 13}** The essence of Count One, mail fraud, is that Schwartz used the United States Postal Service in conjunction with defrauding Hadassah Hospital of the funds it was to have received pursuant to the Hersh estate plan. As part of Schwartz's plea, he explicitly agreed that "mandatory restitution in the amount of at least $2,492,469 will be ordered paid to Hadassah Hospital for the guilty plea to Count One," and in conjunction with that agreement, Schwartz expressly stipulated that "the readily provable fraud loss caused by the defendant was $2,492,469."

**{¶ 14}** By August 2008, Schwartz had disbursed more than $9 million from the Hersh Discretionary Trust, which was significantly more than 50 percent of the estate that was allocated under the estate plan. Meanwhile, Schwartz had

4

made distributions to recognized charities of less than $50,000 from the Hersh Charitable Trust. To Hadassah Hospital, Schwartz had made contributions totaling $210,000. Despite the representations Schwartz made as trustee on the estate tax return and the benefit the estate enjoyed by virtue of the reporting of charitable deductions, Schwartz distributed only nominal amounts to Hadassah Hospital and other charities.

*Count Two: Filing False Tax Return*

{¶ 15} As for Count Two, Schwartz signed and submitted his tax year 2007 federal individual income tax return on April 14, 2008, knowing it to be false in that the return omitted a substantial portion of his gross receipts. More specifically, the falsehood consisted of Schwartz's failure to report as gross receipts approximately $806,739, which was composed of (1) money he had paid to himself from the Hersh trust funds, (2) money he had diverted for the care of his mother from trust funds, and (3) money he had received from other clients. Schwartz also agreed that he had filed materially false returns for tax years 2002 through 2006, underreporting gross receipts for those years by approximately $2,533,515.

*Federal Sentence*

{¶ 16} The federal district court sentenced Schwartz to a four-year prison term plus a three-year term of supervised release. Also part of the sentence was the order that Schwartz pay $3,227,686.12 (consisting of $2,292,469 in restitution to Hadassah Hospital plus $935,217.12 in restitution to the Internal Revenue Service).

**Aggravation and Mitigation**

{¶ 17} The panel and the board found two aggravating factors: Schwartz's prior discipline, *see* BCGD Proc.Reg. 10(B)(1)(a); and the existence of a dishonest or selfish motive, *see* BCGD Proc.Reg. 10(B)(1)(b). In mitigation, the panel and the board found that Schwartz (1) had made full and free disclosure

and displayed a cooperative attitude throughout the disciplinary proceedings, *see* BCGD Proc.Reg. 10(B)(2)(d), (2) presented character evidence, *see* BCGD Proc.Reg. 10(B)(2)(e), and (3) had paid $972,185.03 in restitution up to the time of the hearing, *see* BCGD Proc.Reg. 10(B)(2)(c).

### Recommended Sanction

**{¶ 18}** Relator recommended disbarment, relying on four cases. *Disciplinary Counsel v. Bertram*, 85 Ohio St.3d 113, 707 N.E.2d 464 (1999); *Disciplinary Counsel v. Sabroff*, 123 Ohio St.3d 182, 2009-Ohio-4205, 915 N.E.2d 307; *Toledo Bar Assn. v. Ritson*, 127 Ohio St.3d 89, 2010-Ohio-4504, 936 N.E.2d 931; *Disciplinary Counsel v. Hunter*, 106 Ohio St.3d 418, 2005-Ohio-5411, 835 N.E.2d 707. The panel disagreed, recommending indefinite suspension on the authority of *Disciplinary Counsel v. Smith*, 128 Ohio St.3d 390, 2011-Ohio-957, 944 N.E.2d 1166. The board disagrees with the panel's recommended sanction and instead recommends permanent disbarment. Schwartz has filed objections to the board's recommendation.

### Objections and Disposition

**{¶ 19}** Schwartz's objections focus on the sanction: Schwartz urges the court to adopt the panel's recommended sanction of indefinite suspension rather than the board's recommendation of disbarment. The principal points advanced by the objections are that (1) another law firm that was engaged to draft estate and trust documents performed its work in a manner that contributed to Schwartz's wrongful acts, (2) the amount of "adjusted estate" and therefore the amount of the bequest owed to Hadassah Hospital was not known until after Schwartz was sentenced, and (3) several matters relating to these issues are in litigation.

**{¶ 20}** We find Schwartz's objections to be unpersuasive. First of all, we have stricken the opinion letter on which Schwartz predicates his theory that in drafting the estate and trust documents, the outside law firm committed errors that contributed to the wrongs perpetrated by Schwartz. *See* 132 Ohio St.3d 1468,

2012-Ohio-3168, 970 N.E.2d 969. Second, Schwartz's theory that the amount owed to Hadassah Hospital was unknown conflicts with the facts to which Schwartz himself stipulated when entering his guilty plea; he expressly acknowledged in that context that "the readily provable fraud loss caused by the defendant was $2,492,469." We decline to accept Schwartz's post hoc assertions of factual ambiguity when he clearly and explicitly agreed to the facts in the criminal proceedings. Finally, we find that the pendency of litigation concerning aspects of Schwartz's dealings is irrelevant to our determination of the facts and the imposition of the proper sanction, given all the circumstances that confront us in this matter.

{¶ 21} We also find that the panel's reliance on *Disciplinary Counsel v. Smith*, 128 Ohio St.3d 390, 2011-Ohio-957, 944 N.E.2d 1166, was misplaced. *Smith* involved an attorney's conviction for a scheme to conceal income from the Internal Revenue Service, an aspect not entirely dissimilar from Count Two against Schwartz. But the present case also presents Schwartz's fraud in distributing money intended for Hadassah Hospital. In spite of the decedent's plain intent to bestow substantial funds on that charity, in callous dereliction of the trust and confidence that the decedent had placed in Schwartz to effectuate her wishes, and in contravention of the recipient's rights as a beneficiary of the estate and the trust, Schwartz diverted funds to other purposes. This grievous offense does not correlate with any wrongdoing alleged in *Smith*. Accordingly, we find that the *Smith* case is not apposite.

### Conclusion

{¶ 22} For all the foregoing reasons, we adopt the findings and conclusions of the board, and we adopt the recommended sanction that Schwartz be disbarred. We therefore order that Schwartz be permanently disbarred from the practice of law. Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

KENNEDY, J., not participating.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Philip A. King, Assistant Disciplinary Counsel, for relator.

Robert L. Schwartz, pro se.

_____