COLUMBUS BAR ASSOCIATION *v.* MCGOWAN.

[Cite as *Columbus Bar Assn. v. McGowan,* 135 Ohio St.3d 368,

2013-Ohio-1470.]

*Attorneys—Misconduct—Engaging in an illegal act that reflects adversely on the lawyer's honesty or trustworthiness, failing to act with reasonable diligence in representing a client, and failing to cooperate in a disciplinary investigation—Indefinite suspension with conditions for reinstatement.*

(No. 2012-1692—Submitted January 23, 2013—Decided April 16, 2013.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 11-002.

_____

**Per Curiam**.

{¶ 1} Respondent, Charles McGowan of Columbus, Ohio, Attorney Registration No. 0066471, was admitted to the practice of law in Ohio in 1996. On December 30, 2010, we suspended McGowan's license to practice law on an interim basis following his felony convictions for conspiracy to commit money laundering and willful failure to report the receipt of more than $10,000 in the course of his trade or business as an attorney. *In re McGowan*, 127 Ohio St.3d 1488, 2010-Ohio-6467, 939 N.E.2d 185.

{¶ 2} In February 2011, relator, Columbus Bar Association, filed a three-count complaint alleging that McGowan had violated the Rules of Professional Conduct and the Disciplinary Rules of the Code of Professional Responsibility as a result of the conduct underlying his felony convictions, his handling of two client matters, and his failure to respond to the resulting disciplinary investigations.

**{¶ 3}** The parties submitted stipulations of fact, misconduct, and aggravating and mitigating factors and jointly waived a formal hearing on the matter. They suggested that the appropriate sanction for McGowan's misconduct is an indefinite suspension from the practice of law with credit for time served under his interim felony suspension. They further recommended that he not be permitted to petition for reinstatement until he has completed his term of federal supervised release, made restitution of any unearned fees to his clients, reimbursed the Clients' Security Fund for any claims that it has paid to his clients, and paid the cost of these proceedings. The panel and board have adopted these stipulations of fact and misconduct and recommend that we adopt the parties' jointly recommended sanction.

**{¶ 4}** We adopt the board's findings of fact and misconduct and find that an indefinite suspension from the practice of law is the appropriate sanction for McGowan's misconduct. In light of the fact that McGowan failed to cooperate in relator's disciplinary investigations and that he is still under supervised release, however, we do not credit McGowan with the time he has served under his interim felony suspension.

**Misconduct**

*Felony Convictions*

**{¶ 5}** Adopting the parties' stipulations of fact and misconduct, the board found that on December 8, 2009, McGowan pleaded guilty to a felony count of conspiracy to commit money laundering in violation of 18 U.S.C. 1956(h) and a separate count of willful failure to report the receipt of more than $10,000 in the course of his trade or business as an attorney in violation of 31 U.S.C. 5331 and 5322(a) and 31 C.F.R. 103.30.

**{¶ 6}** The board found that the conduct that resulted in McGowan's felony convictions also violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or

2

trustworthiness), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

*The Pyles Matter*

**{¶ 7}** Peggy Pyles retained McGowan to defend her against a charge of driving while intoxicated and paid $900 toward his quoted fee of $1,500. McGowan appeared at Pyles's arraignment but erroneously assumed that this appearance would cause him to be entered as counsel of record. Because he was not listed as counsel of record, he did not receive hearing notices from the court and failed to appear at two hearings, though he did perform some investigatory work in the case. In McGowan's absence, Pyles elected to proceed pro se. Thereafter, McGowan refunded one third of Pyles's payment. However, he failed to respond to the investigation of Pyles's grievance and a notice of arbitration of her fee dispute.

**{¶ 8}** The parties stipulated and the board found that this conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.15(d) (requiring a lawyer to promptly deliver funds or other property that the client is entitled to receive), 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation), and 8.4(h) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation).

*The Thurman Matter*

**{¶ 9}** James Thurman Jr. retained McGowan to represent him in a personal-injury matter and executed a contingent-fee agreement. McGowan did not advise Thurman that he did not carry professional liability insurance and thus did not have Thurman sign a written acknowledgement of that fact. He communicated only sporadically with Thurman and failed to keep him adequately

informed of the status of the case. Thurman eventually became dissatisfied and terminated McGowan's representation; McGowan cooperated with the new counsel. He did not, however, respond to relator's investigation of Thurman's grievance.

{¶ 10} McGowan's conduct in the Thurman matter occurred both before and after the February 1, 2007 effective date of the Rules of Professional Conduct, and therefore relator charged him under both the Disciplinary Rules of the Code of Professional Responsibility and the Rules of Professional Conduct. The parties stipulated and the board found that McGowan's conduct violated DR 1-104 and Prof.Cond.R. 1.4(c) (requiring a lawyer to disclose to the client that the lawyer lacks professional liability insurance and maintain a copy of that disclosure, signed by the client, for five years after termination of the representation), DR 6-101(A)(3) (prohibiting neglect of an entrusted legal matter), and Prof.Cond.R. 8.1(b).

### Sanction

{¶ 11} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 12} Regarding aggravating factors, the parties have stipulated and the board has found that McGowan acted with a dishonest or selfish motive, engaged in a pattern of misconduct involving multiple offenses, initially failed to cooperate in the disciplinary process, and caused harm to vulnerable clients. *See* BCGD Proc.Reg. 10(B)(1)(b), (c), (d), (e), and (h). Mitigating factors include the absence of a prior disciplinary record and the imposition of criminal sanctions

following McGowan's felony convictions—a six-month prison term, three years of supervised release, 150 hours of community service, and court-ordered participation in a mental-health-treatment program. *See* BCGD Proc.Reg. 10(B)(2)(a) and (f).

**{¶ 13}** The parties and board recommend that McGowan be indefinitely suspended from the practice of law and that he not be permitted to petition for reinstatement until he has completed his federal supervised release, made restitution of unearned fees to his clients, reimbursed the Clients' Security Fund for any claims paid to his clients, and paid the costs of these disciplinary proceedings in full. They further recommend that we credit McGowan for the time he has served under his December 30, 2010 interim felony suspension.

**{¶ 14}** In support of this sanction, the board cites the following cases: *Columbus Bar Assn. v. Hunter*, 130 Ohio St.3d 355, 2011-Ohio-5788, 958 N.E.2d 567 (imposing an indefinite suspension with reinstatement conditioned on the completion of federal supervised release and the payment of restitution on an attorney who was convicted of failing to report a cash payment of more than $10,000 to the Internal Revenue Service ("IRS"), neglected two client matters, and overdrew his client trust account); *Disciplinary Counsel v. Smith*, 128 Ohio St.3d 390, 2011-Ohio-957, 944 N.E.2d 1166 (imposing an indefinite suspension with credit for time served on an attorney convicted of conspiracy to defraud the IRS, making false tax returns, and corruptly endeavoring to impede an IRS investigation); and *Disciplinary Counsel v. Bennett*, 124 Ohio St.3d 314, 2010-Ohio-313, 921 N.E.2d 1064 (imposing an indefinite suspension with credit for time served under an interim felony suspension and conditioning reinstatement on the completion of supervised release on an attorney convicted of illegally structuring financial transactions to evade federal reporting requirements).

**{¶ 15}** In this case, McGowan has engaged in illegal conduct involving dishonesty, fraud, deceit, or misrepresentation, neglected two client matters, failed

to deliver funds that a client was entitled to receive, failed to reasonably communicate with a client, and failed to advise a client that he did not carry professional liability insurance. He also failed to cooperate in the ensuing disciplinary proceedings until after relator had filed its complaint with the board. It is undeniable that his actions adversely reflect upon his honesty, trustworthiness, and fitness to practice law. Therefore, we adopt the parties' stipulations of fact, misconduct, and aggravating and mitigating factors as adopted by the board.

{¶ 16} Of the cases that the board cited in support of its recommended sanction, we find the facts in *Hunter* to be most comparable to the facts of this case. Like McGowan, Hunter not only committed felony offenses involving the failure to report cash transactions of more than $10,000 to the IRS but also neglected and failed to communicate with clients regarding the status of their legal matters. *Id.* at ¶ 4, 6, and 8. While McGowan was also convicted of conspiring to commit money laundering, Hunter was convicted of failing to report a cash payment in excess of $10,000. He also failed to maintain adequate accounting and reconciliation procedures for his client trust account, causing him to overdraw the account on two separate occasions. *Id.* at ¶ 12. The key difference between these cases, however, is that Hunter made full and free disclosure to the board and demonstrated a cooperative attitude toward the disciplinary proceedings. *Id.* at ¶ 15; *see* BCGD Proc.Reg. 10(B)(2)(a) and (d). McGowan, in contrast, failed to respond to the disciplinary investigation until after the complaint had been filed. This fact also distinguishes McGowan's conduct from that of Smith and Bennett. *See Smith*, 128 Ohio St.3d 390, 2011-Ohio-957, 944 N.E.2d 1166, at ¶ 11; *Bennett*, 124 Ohio St.3d 314, 2010-Ohio-313, 921 N.E.2d 1064, at ¶ 23.

{¶ 17} Based on McGowan's failure to cooperate in the disciplinary investigation and his ongoing federal supervised release—which it appears will

not terminate until July 2014—we decline to credit McGowan for the time he has served under his interim felony suspension. We adopt the board's recommended sanction in all other respects.

### Conclusion

{¶ 18} Accordingly, Charles William McGowan is indefinitely suspended from the practice of law in Ohio. He shall not be permitted to petition for reinstatement until he has completed the term of federal supervised release imposed against him in *United States v. McGowan*, S.D. Ohio No. 2:09cr285 (Dec. 2, 2010), made restitution of unearned fees to his clients, including $600 to Pyles, reimbursed the Clients' Security Fund for any claims paid to his clients, and paid the costs necessary to prosecute this action. Costs are taxed to McGowan.

Judgment accordingly.

O'CONNOR, C.J., and LANZINGER, KENNEDY, and FRENCH, JJ., concur.

PFEIFER, O'DONNELL, and O'NEILL, JJ., dissent and would grant McGowan credit for time served under his interim felony suspension.

_____

Jeffrey C. Rogers; and Bruce A. Campbell, Bar Counsel, and A. Alysha Clous, Assistant Bar Counsel, for relator.

Charles McGowan, pro se.

_____