DISCIPLINARY COUNSEL *v.* CORDRICK.

[Cite as *Disciplinary Counsel v. Cordrick,* ___ Ohio St.3d ___,

2014-Ohio-2955.]

(No. 2013-1597—Submitted June 25, 2014—Decided July 3, 2014.)

ON CERTIFICATION OF DEFAULT.

_____

{¶ 1}   The Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio filed a certification of default in the office of the clerk of this court.   On November 12, 2013, this court imposed an interim default-judgment suspension upon respondent, Robert Christopher Cordrick, pursuant to Gov.Bar R. V(6a)(B)(1).   Respondent was ordered to show cause why the interim default-judgment suspension should not be converted into an indefinite suspension and restitution be ordered.   Respondent filed no objections, and this cause was considered by the court.

{¶ 2}   On consideration thereof, it is ordered and adjudged by this court that pursuant to Gov.Bar R. V(6a)(E)(1), respondent, Robert Christopher Cordrick, Attorney Registration No. 0073204, last known business address in Marion, Ohio, is indefinitely suspended from the practice of law.   It is further ordered that respondent shall make restitution on or before 90 days from the date of this order to Perry Drake in the amount of $1,000 and to Clayton Rivers in the amount of $35,368.51.

{¶ 3}   It is further ordered that respondent immediately cease and desist from the practice of law in any form and that respondent is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency, or other public authority.

**{¶ 4}** It is further ordered that respondent is hereby forbidden to counsel, advise, or prepare legal instruments for others or in any manner perform legal services.

**{¶ 5}** It is further ordered that respondent is hereby divested of each, any, and all of the rights, privileges, and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

**{¶ 6}** It is further ordered that before entering into an employment, contractual, or consulting relationship with any attorney or law firm, respondent shall verify that the attorney or law firm has complied with the registration requirements of Gov.Bar R. V(8)(G)(3). If employed pursuant to Gov.Bar R. V(8)(G), respondent shall refrain from direct client contact except as provided in Gov.Bar R. V(8)(G)(1) and from receiving, disbursing, or otherwise handling any client trust funds or property.

**{¶ 7}** It is further ordered that pursuant to Gov.Bar R. X(13), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month, of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(13), respondent shall complete one credit hour of the instruction related to professional conduct required by Gov.Bar R. X(3)(B) for each six months, or portion of six months, of the suspension.

**{¶ 8}** It is further ordered by the court that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered by the court that if after the date of this order, the Clients' Security Fund awards any amount against respondent pursuant to Gov.Bar R. VIII(7)(F), respondent shall reimburse that amount to the Clients' Security Fund within 90 days of the notice of that award.

**{¶ 9}** It is further ordered that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio, (2) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio, (3) respondent complies with this and all other orders of this court, and (4) this court orders respondent reinstated.

**{¶ 10}** It is further ordered that on or before 30 days from the date of this order, respondent shall do the following:

**{¶ 11}** 1. Notify all clients being represented in pending matters and any co-counsel of respondent's suspension and consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in respondent's place;

**{¶ 12}** 2. Regardless of any fees or expenses due, deliver to all clients being represented in pending matters any papers or other property pertaining to the client or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

**{¶ 13}** 3. Refund any part of any fees or expenses paid in advance that are unearned or not paid and account for any trust money or property in the possession or control of respondent;

**{¶ 14}** 4. Notify opposing counsel or, in the absence of counsel, the adverse parties in pending litigation of respondent's disqualification to act as an attorney after the effective date of this order and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

**{¶ 15}** 5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

{¶ 16} 6. File with the clerk of this court and disciplinary counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of the notices required herein, and setting forth the address where the respondent may receive communications; and

{¶ 17} 7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

{¶ 18} It is further ordered that until such time as respondent fully complies with this order, respondent shall keep the clerk and disciplinary counsel advised of any change of address where respondent may receive communications.

{¶ 19} It is further ordered that service shall be deemed made on respondent by sending this order, and all other orders in this case, to respondent's last known address.

{¶ 20} It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____