NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1582

DISCIPLINARY COUNSEL *v.* THOMAS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Thomas,* Slip Opinion No. 2016-Ohio-1582.]

*Attorneys—Misconduct—Attorney convicted of felony theft offenses and misdemeanor falsification offenses for misappropriating funds from vulnerable, elderly, court-appointed clients and filing false inventories with the probate court—Illegal acts that reflect adversely on lawyer's honesty— Conduct involving fraud, deceit, and misrepresentation—Conduct prejudicial to the administration of justice—Knowingly making false statements to a tribunal—Knowingly offering false evidence—Indefinite suspension—Reinstatement conditioned on restitution, substance-abuse treatment, and other requirements.*

(No. 2015-1001—Submitted November 17, 2015—Decided April 20, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2014-081.

_____

**Per Curiam.**

{¶ 1} Respondent, James William Thomas Jr., formerly of Eaton, Ohio, Attorney Registration No. 0074051, was admitted to the practice of law in Ohio in 2001. We suspended Thomas's license on an interim basis, effective July 22, 2014, after he was convicted of two counts of theft and one count of theft from the elderly—all felonies committed against individuals for whom he served as a court-appointed guardian—and three misdemeanor counts of falsification. *See In re Thomas*, 140 Ohio St.3d 1224, 2014-Ohio-3174, 15 N.E.3d 871.

{¶ 2} In an October 29, 2014 complaint, relator, disciplinary counsel, charged Thomas with multiple violations of the Rules of Professional Conduct arising from his felony convictions. Thomas admitted each of the allegations in his answer and entered into joint stipulations of fact, misconduct, and aggravating and mitigating factors.

{¶ 3} A panel of the Board of Professional Conduct granted the parties' motion to waive the hearing and adopted the parties' stipulations. The panel also adopted the parties' recommendation that Thomas be indefinitely suspended from the practice of law in Ohio. In addition, the panel recommended that Thomas be credited for the time served under his interim felony suspension and that his reinstatement be conditioned on completion of his term of incarceration, payment of restitution, compliance with all terms and conditions of his criminal probation, completion of an approved treatment program for substance abuse and addiction, and ongoing treatment for his drug addiction. The board adopted the panel's findings of fact and misconduct, aggravating and mitigating factors, and sanction, with some modifications to the requirement for restitution.

{¶ 4} Following a remand by this court for additional consideration of the recommended conditions for Thomas's reinstatement, the board issued a revised recommendation regarding Thomas's restitution obligation.

{¶ 5} We adopt the board's findings of fact and misconduct and its recommended sanction, as amended by the board's supplemental report and recommendation. We do not, however, credit Thomas for the time served under his interim felony suspension.

**Misconduct**

{¶ 6} Thomas was charged in an April 28, 2014 bill of information with two third-degree-felony counts of theft in violation of R.C. 2913.02(A)(3), one fourth-degree-felony count of theft from an elderly or disabled person in violation of R.C. 2913.02(A)(3), and three first-degree-misdemeanor counts of knowingly making a false statement or knowingly swearing or affirming the truth of a previously made false statement in violation of R.C. 2921.13(A)(10). Thomas pleaded no contest to the charges, which arose out of his theft of funds from four individuals for whom he served as a court-appointed guardian and his subsequent attempts to conceal the thefts by filing false inventories with the Preble County Probate Court. He was sentenced to a four-and-one-half-year prison term and ordered to make restitution of $208,095.15, to be distributed to his former clients as follows: $115,112.75 for the benefit of J.S.,[1] $72,149.40 for the benefit of E.T., $17,487 for the benefit of R.B., and $3,346 for the benefit of K.O.

{¶ 7} Based on the parties' stipulations and supporting documents, the board found that by misappropriating funds from individuals for whom Thomas was appointed to serve as a guardian, he violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). The board also found that his filing of false inventories with the Preble County

---

[1] The guardian appointed to represent the estate of J.S. settled J.S.'s claims against Thomas and received $89,950 from his professional-liability carrier in 2015.

Probate Court to conceal his theft of funds from his wards violated Prof.Cond.R. 3.3(a)(1) (prohibiting a lawyer from knowingly making a false statement of fact or law to a tribunal), 3.3(a)(3) (prohibiting a lawyer from knowingly offering evidence that the lawyer knows to be false), 8.4(b), 8.4(c), and 8.4(d). No objections have been filed.

{¶ 8} We adopt these findings of fact and misconduct.

### Sanction

{¶ 9} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors set forth in Gov.Bar R. V(13)(A) through (C). *See*, *e.g.*, *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 10} The parties stipulated and the board found that two aggravating factors are present. Thomas acted with a dishonest or selfish motive by using the money that he misappropriated from his wards primarily to maintain his addiction to ephedrine and to compensate for the loss of law-practice income occasioned by that addiction. *See* Gov.Bar R. V(13)(B)(2). He engaged in multiple offenses, stealing funds from at least four of his wards on multiple occasions over a period of more than six years and attempting to conceal his theft of those funds by filing false inventories with the probate court on at least three occasions. *See* Gov.Bar R. V(13)(B)(4). In addition to these aggravating factors, we also find that Thomas engaged in a pattern of misconduct that harmed vulnerable clients by misappropriating more than $200,000 over a period of six years from the wards he was court-appointed to protect. *See* Gov.Bar R. V(13)(B)(3) and (8).

{¶ 11} The board also adopted the parties' stipulations with respect to the applicable mitigating factors. It found that Thomas did not have a prior disciplinary

4

record[2] and that he had made a full and free disclosure to the board and demonstrated a cooperative attitude toward the proceedings, fully admitting his wrongdoing in his answer and in his agreed stipulations. *See* Gov.Bar R. V(13)(C)(1) and (4). The board accorded mitigating effect to his good character and reputation apart from the charged misconduct and to the imposition of other penalties and sanctions, including his four-and-one-half-year prison sentence and criminal restitution order. *See* Gov.Bar R. V(13)(C)(5) and (6).

{¶ 12} Consistent with the stipulations, the board also determined that Thomas had made a timely, good-faith effort to make restitution or to rectify the consequences of his misconduct. This finding was based on an $89,950 settlement paid to the guardian of J.S. by Thomas's professional-liability-insurance carrier, a refund of $1,650 paid by Thomas's father to two other clients who were not identified in these proceedings, and an agreement that Thomas's father would make monthly restitution payments of $750, to be apportioned among the three other identified victims of Thomas's misconduct. *See* Gov.Bar R. V(13)(C)(3). We reject this finding because the effort to make restitution was not timely and because J.S.'s new guardian had to resort to a lawsuit and obtain a default judgment against Thomas, ultimately accepting a substantially reduced amount from Thomas's professional-liability-insurance carrier. Moreover, there is no evidence that Thomas has made any effort to make restitution to the other victims of his misconduct. On the contrary, the evidence demonstrates that *Thomas's father* has voluntarily agreed to make restitution payments of $750 per month for two years, with the payments to be apportioned to the victims of Thomas's misconduct. But those payments will only account for $18,000 of Thomas's court-ordered obligation, which currently exceeds $90,000.

---

[2] During the pendency of this action, however, we suspended Thomas's license to practice based on his failure to timely register for the 2015-2016 biennium. *In re Attorney Registration Suspension of Thomas*, 143 Ohio St.3d 1509, 2015-Ohio-4567, 39 N.E.3d 1277.

**{¶ 13}** The board adopted the parties' stipulation that Thomas's diagnosis of an addiction to ephedrine was a mitigating factor because (1) the addiction significantly contributed to his misconduct, (2) he successfully completed a five-week residential treatment program after his criminal conviction but before his sentence, and (3) his addictive behaviors are less likely to recur if he remains in recovery.

**{¶ 14}** The board recommends that Thomas be indefinitely suspended from the practice of law with credit for the time he has served under his interim felony suspension and that his reinstatement to the practice of law be subject to the following conditions: (1) completion of his period of incarceration, (2) payment of restitution for the benefit of E.T. ($72,149.40), R.B. ($17, 487), and K.O. ($3,346), (3) compliance with all terms and conditions of his criminal probation, (4) successful completion of a substance-abuse and addiction-treatment program approved by the Ohio Lawyers Assistance Program ("OLAP"), and (5) participation in an addiction-treatment program up to and through any attempt to seek reinstatement.

**{¶ 15}** In support of this sanction, the board cites two cases in which we have indefinitely suspended attorneys who misappropriated funds while serving in positions of trust. While serving as a court-appointed guardian, one attorney made unauthorized withdrawals of more than $20,000 from his ward's account, used the funds to pay his personal expenses, made false statements in documents filed with the probate court, and pleaded guilty to one fifth-degree-felony charge of theft. *Disciplinary Counsel v. Zapor*, 127 Ohio St.3d 372, 2010-Ohio-5769, 939 N.E.2d 1230, ¶ 3-4. The aggravating and mitigating factors in *Zapor* were comparable to those present here, except that the parties did not stipulate and Zapor failed to prove that his alcohol-abuse and gambling problems contributed to his misconduct. *Id*. at ¶ 7-9. Because he had confessed to the misappropriation, he seemed genuinely contrite, and his testimony suggested that he had taken steps to resolve his

substance-abuse and gambling problems, we adopted the board's recommended sanction of an indefinite suspension with no credit for time served under his interim felony suspension. *Id*. at ¶ 12. We also conditioned his reinstatement on the extension of his OLAP contract and his compliance with the terms of that contract. *Id*.

{¶ 16} And in *Disciplinary Counsel v. Anthony*, 138 Ohio St.3d 129, 2013-Ohio-5502, 4 N.E.3d 1006, we indefinitely suspended Anthony for misappropriating at least $118,000 from his employer to pay his personal expenses and to maintain his gambling addiction. *Id*. at ¶ 4. Although Anthony could not demonstrate that his pathological gambling disorder was a mitigating factor because he had only begun treatment three months before his disciplinary hearing, we nonetheless accorded it some mitigating effect. *Id*. at ¶ 13. That factor, combined with his disclosure of his misconduct to the disciplinary board, his cooperation in the disciplinary investigation, and his criminal sentence for his resulting grand-theft conviction, led us to adopt the board's recommended sanction of an indefinite suspension. *Id*. at ¶ 13, 18-19.

{¶ 17} Having considered Thomas's misconduct, the applicable aggravating and mitigating factors, and the sanctions imposed for comparable misconduct, we agree that the appropriate sanction in this case is an indefinite suspension. But given the magnitude of his theft from the vulnerable people he was appointed to protect, his pattern of misconduct over a period of more than six years, and his failure to make full restitution, we decline to grant him credit for the time served under his interim felony suspension.

{¶ 18} Accordingly, James William Thomas Jr. is indefinitely suspended from the practice of law in Ohio and, in addition to the requirements of Gov.Bar R. V(25), his reinstatement shall be conditioned upon his (1) completion of his period of incarceration, (2) payment of restitution for the benefit of former clients E.T. ($72,149.40), R.B. ($17,487), and K.O. ($3,346) as set forth in the restitution order

in his criminal case, (3) compliance with all terms and conditions of his criminal probation, (4) successful completion of an OLAP-approved substance-abuse and addiction-treatment program, (5) execution of an OLAP contract for a term to be determined by OLAP, and (6) full compliance with all treatment recommendations of OLAP and his treating professionals. Costs are taxed to Thomas.

Judgment accordingly.

PFEIFER, O'DONNELL, KENNEDY, and FRENCH, JJ., concur.

O'CONNOR, C.J., and LANZINGER and O'NEILL, JJ., dissent and would permanently disbar the respondent.

_____

Scott J. Drexel, Disciplinary Counsel, for relator.

Montgomery, Rennie & Jonson, L.P.A., and George D. Jonson, for respondent.

_____