**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Rosenfield,* **Slip Opinion No. 2016-Ohio-1583.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1583

DISCIPLINARY COUNSEL *v.* ROSENFIELD.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Rosenfield,* **Slip Opinion No. 2016-Ohio-1583.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct and the former Code of Professional Responsibility —Indefinite suspension.*

(No. 2015-1635—November 17, 2015—Decided April 20, 2016.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 2014-111.

_____

**Per Curiam.**

{¶ 1} Respondent, Ronald Lee Rosenfield, formerly of South Euclid, Ohio, Attorney Registration No. 0021093, was admitted to the practice of law in Ohio in 1970. We suspended Rosenfield's license on an interim basis, effective August 5, 2014, after he was convicted of a felony for willfully failing to truthfully account for federal income taxes and Federal Insurance Contributions Act ("FICA") taxes

that he was statutorily required to withhold from the wages of his employees and pay to the Internal Revenue Service ("IRS"). *In re Rosenfield*, 140 Ohio St.3d 1232, 2014-Ohio-3365, 16 N.E.3d 669.

**{¶ 2}** In a December 30, 2014 complaint, relator, disciplinary counsel, charged Rosenfield with multiple ethical violations arising from the conduct that led to his felony conviction.[1] Rosenfield entered into joint stipulations in which he admitted the facts and misconduct alleged in the complaint and agreed that certain aggravating and mitigating factors are present. The parties jointly recommended that Rosenfield be indefinitely suspended from the practice of law in Ohio but that he be credited for the time served under his interim felony suspension and comply with certain terms and conditions on his reinstatement to the practice of law.

**{¶ 3}** A panel of the Board of Professional Conduct granted the parties' motion to waive the hearing, noting that there were no unresolved issues and that compelling Rosenfield's attendance at a hearing would create a heavy financial burden since he now resides in California. The panel adopted the parties' stipulations and recommended that Rosenfield be indefinitely suspended from the practice of law with credit for time served under his interim felony suspension.

**{¶ 4}** The board adopted the panel's findings of fact, misconduct, and aggravating and mitigating factors and recommended that Rosenfield be indefinitely suspended from the practice of law. But the board also specified that Rosenfield should not receive credit for the time he has served under his interim felony suspension. We adopt the board's findings and indefinitely suspend Rosenfield from the practice of law in Ohio with no credit for time served.

---

[1] Because Rosenfield's misconduct occurred both prior to and after the adoption of the Rules of Professional Conduct on February 1, 2007, relator charged respondent under the applicable rules of both the former Code of Professional Responsibility and the current Rules of Professional Conduct. However, when both the former and current rules are cited for the same acts, the allegations comprise a single continuing ethical violation. *Disciplinary Counsel v. Freeman*, 119 Ohio St.3d 330, 2008-Ohio-3836, 894 N.E.2d 31, ¶ 1, fn. 1.

**Misconduct**

**{¶ 5}** According to the parties' stipulations, Rosenfield was a partner in the law firm S & R Co., L.P.A. In 1998, the state of Ohio revoked the firm's corporate charter for nonpayment of state franchise taxes. Rosenfield did not inform his partner of this revocation and continued to operate the practice under the corporate name until approximately 2003. At that time, Rosenfield became the sole owner, and his former partner insisted that he change the firm name. Thereafter, Rosenfield conducted his legal practice under the name Ronald L. Rosenfield Co., L.P.A.

**{¶ 6}** At all times relevant herein, Rosenfield was responsible for the firm's finances. He hired a separate payroll company to provide payroll and employment tax-return services and funded an S & R Co., L.P.A., payroll account. After he changed the firm's name, Rosenfield never obtained a new Employer Identification Number ("EIN") or filed any documents with the IRS to establish its existence as a taxable entity; on the contrary, he continued to use the payroll account and the EIN associated with the firm's former name. In early 2008, Rosenfield stopped funding the payroll account, voided the checks that the payroll company had prepared, and replaced the checks with checks that he issued from the Ronald L. Rosenfield Co., L.P.A., general operating account.

**{¶ 7}** On February 12, 2014, Rosenfield pleaded guilty to a bill of information that charged him with failing to collect, account for, and pay federal income and FICA taxes for the employees of his law firm from October 2006 through March 2011, a felony in violation of 26 U.S.C. 7202. As part of his plea agreement, Rosenfield stipulated that from at least 1998 through 2011, he failed to file any type of corporate or business income-tax return and did not include a Schedule C on his own personal income-tax return to report the continued existence, income, and expenses of the law firm. Pursuant to Rosenfield's plea agreement, the court sentenced him to six months of home detention and five years

of probation. The court also ordered him to pay restitution of $523,253.33 to the IRS.[2] *United States v. Rosenfield*, N.D. Ohio No. 1:14cr34 (July 10, 2014).

**{¶ 8}** The parties stipulated that Rosenfield's conduct violated DR 1-102(A)(3) (prohibiting a lawyer from engaging in illegal conduct involving moral turpitude), DR 1-102(A)(4) and Prof.Cond.R. 8.4(c) (both prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), and DR 1-102(A)(5) and Prof.Cond.R. 8.4(d) (both prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). The panel adopted the parties' stipulations of fact and agreed that Rosenfield's misconduct violated DR 1-102(A)(3), DR 1-102(A)(4) and Prof.Cond.R. 8.4(c), and Prof.Cond.R. 8.4(b). Having found that Rosenfield's misconduct did not prejudice the administration of justice, however, the panel unanimously dismissed the alleged violation of DR 1-102(A)(5) and Prof.Cond.R. 8.4(d). *See* Gov.Bar R. V(12)(G). The board adopted the panel's findings of fact and misconduct. We adopt the board's findings of fact and misconduct.

### Sanction

**{¶ 9}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination,

---

[2] The amount of restitution included the approximately $200,000 in withholdings that Rosenfield failed to submit to the IRS from the fourth quarter of 2006 through the first quarter of 2011 (which formed the basis of the criminal charges against him), over $300,000 in additional withholdings that he failed to submit to the IRS from the fourth quarter of 2001 through the third quarter of 2006 (for which the statute of limitations for criminal charges had expired), and $10,933.86 in unreported federal unemployment taxes.

we also weigh evidence of the aggravating and mitigating factors set forth in Gov.Bar R. V(13).

{¶ 10} The parties stipulated to just one aggravating factor—that Rosenfield engaged in a pattern of misconduct over approximately ten years. *See* Gov.Bar R. V(13)(B)(3). The panel and board also found that Rosenfield acted with a selfish or dishonest motive because he failed to pay taxes and kept the money for himself. *See* Gov.Bar R. V(13)(B)(2). As mitigating factors, the panel and board adopted the parties' stipulations that Rosenfield (1) did not have a prior disciplinary record, (2) made a full and free disclosure to the board and demonstrated a cooperative attitude toward the disciplinary proceedings, (3) submitted 19 letters attesting to his good character and competence as an attorney, (4) had other criminal penalties imposed for his misconduct, including a period of home detention and an order that he make restitution of $523,253.33 to the IRS, (5) cooperated with the underlying criminal investigation and admitted his wrongdoing, and (6) did not cause harm to his clients or employees. *See* Gov.Bar R. V(13)(C)(1), (3), (4), (5), and (6).

{¶ 11} The panel adopted the parties' joint recommendation that Rosenfield be indefinitely suspended from the practice of law and receive credit for the time served under his interim felony suspension, which commenced on August 5, 2014. The panel also agreed that Rosenfield should be required to (1) comply with the terms of his criminal probation, (2) make timely restitution in the amounts that the IRS determines to be appropriate in light of his income, and (3) serve a three-year period of monitored probation upon his reinstatement to the practice of law to ensure that he not only makes timely restitution payments to the IRS but also properly files and pays all employment and unemployment taxes for his practice going forward.

{¶ 12} The board adopted the panel's findings regarding the applicable aggravating and mitigating factors and recommended that Rosenfield be

indefinitely suspended from the practice of law and agreed that his reinstatement should be conditioned as recommended by the panel. But the board determined that Rosenfield should not receive any credit for the time served under his interim felony suspension.

{¶ 13} In support of these recommendations, the panel and board considered several cases but found our decision in *Disciplinary Counsel v. Smith*, 128 Ohio St.3d 390, 2011-Ohio-957, 944 N.E.2d 1166, to be most instructive. Smith admitted that he engaged in a course of conduct designed to conceal the true value and source of the compensation he received for services provided to the Catholic Diocese of Cleveland, that he failed to accurately report his income to the IRS, and that during an IRS audit, his agent falsely stated that all of his sources of income were reported on his tax return. *Id.* at ¶ 4-6. He was convicted of one count of conspiracy to defraud the IRS, four counts of making false tax returns, and one count of corruptly endeavoring to obstruct and impede an IRS investigation. *Id.* at ¶ 5. For these offenses, Smith was sentenced to one year and one day in federal prison and ordered to perform 150 hours of community service and pay restitution of almost $400,000 to the IRS. *Id.* at ¶ 5, 7.

{¶ 14} We found that Smith's conduct violated DR 1-102(A)(3), 1-102(A)(4), 1-102(A)(5), and 1-102(A)(6) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law) and indefinitely suspended him from the practice of law. *Id.* at ¶ 8, 16. Although we credited Smith for the time served under his interim felony suspension, we also conditioned his reinstatement on the completion of his federal supervised release and the execution of a final agreement for payment of restitution. *Id.* at ¶ 16. While Smith and Rosenfield engaged in comparable tax-evasion schemes, depriving the federal government of significant tax revenue, we find that Rosenfield's scheme was more egregious in that it involved both his personal and business tax obligations and occurred over a period of more than ten years.

**{¶ 15}** Having considered Rosenfield's misconduct, the applicable aggravating and mitigating factors, and the sanctions imposed for comparable misconduct, we agree that the appropriate sanction in this case is an indefinite suspension. However, we decline to credit Rosenfield for the time served under his interim felony suspension.

**{¶ 16}** Accordingly, Ronald Lee Rosenfield is indefinitely suspended from the practice of law in Ohio and shall not receive credit for the time served under his interim felony suspension. Any future reinstatement of his license to practice law in this state shall be conditioned upon his compliance with the terms of his criminal probation and his full compliance with the terms of a payment plan approved by the IRS for the satisfaction of his restitution obligation. Upon reinstatement, Rosenfield shall serve a three-year period of monitored probation in accordance with Gov.Bar R. V(21) to ensure that he complies with his IRS-approved restitution plan and properly files and pays all employment and unemployment taxes for his practice going forward. Costs are taxed to Rosenfield.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

O'NEILL, J., dissents and would grant the respondent credit for time served under interim felony suspension.

_____

Scott J. Drexel, Disciplinary Counsel, for relator.

Bender, Alexander & Broome Co., L.P.A., and J. Timothy Bender, for respondent.

_____