Per Curiam.
{¶ 1} Respondent, Hector Gerald Martinez Jr. of Willoughby, Ohio, Attorney Registration No. 0068832, was admitted to the practice of law in Ohio in 1997.
*213 {¶ 2} On December 15, 2014 a probable-cause panel of the Board of Commissioners on Grievances and Discipline[1] certified a complaint filed by relator, disciplinary counsel, to the board. In that complaint, relator alleged that Martinez violated four Rules of Professional Conduct by participating in the attempted bribery of one of his clients.
{¶ 3} The parties entered into stipulations of fact, misconduct, and mitigating factors and jointly recommend that Martinez be suspended from the practice of law for six months, all stayed. A panel of the Board of Professional Conduct conducted a hearing and issued a report unanimously adopting the parties’ stipulations and recommended sanction.[2] The board adopted the panel’s report in its entirety, and neither party has objected.
{¶ 4} We adopt the board’s findings of fact, misconduct, and mitigating factors and conclude that a conditionally stayed six-month suspension is the appropriate sanction for Martinez’s misconduct.
Misconduct
{¶ 5} In November 2011, L.A. retained Martinez to obtain a civil protection order (“CPO”) against Thomas Castro, who had sexually assaulted and stalked her. After Castro consented to the CPO, Martinez and L.A. met with a detective to discuss the criminal assault. Castro was later indicted on several counts of rape and sexual battery involving L.A. and another woman.
{¶ 6} When Martinez met with L.A. to discuss the criminal case against Castro, she authorized him to inform the prosecutor that she did not want to pursue criminal charges. Martinez’s representation of L.A. ended after an April 2012 meeting with the prosecutor, though he later reached out to inform L.A. that Castro had pleaded guilty in his criminal case.
{¶ 7} Before Castro was sentenced, his business attorney, Anthony Calabrese, spoke to Martinez about L.A. Calabrese, who was under federal indictment at that time, had referred minor traffic cases to Martinez in the past. He told Martinez that Castro was willing to settle any civil claims that L.A. might have against Castro if she would write a favorable letter to the sentencing judge. Calabrese wrote a note that said, “No Jail,” which Martinez took to mean that in return for the proposed monetary settlement, L.A. was expected to request that the sentencing judge not send Castro to jail.
*214 {¶ 8} Martinez had not been retained to pursue a civil action against Castro and had not even discussed the possibility of such a suit with L.A. And while he was aware that some potential civil claims had already expired, he thought that there might be some viable claims arising from the stalking incident. Martinez informed L.A. that Castro’s other victim may have received a settlement and asked whether he could pursue a settlement on her behalf, which she authorized.
{¶ 9} After L.A. told him that she was inclined to reject the settlement offer, Martinez advised L.A. that some of her civil claims were still viable but that she would be less likely to recover against Castro following his criminal sentencing. He offered to negotiate the settlement for a contingent fee of 15 percent. Later, L.A. sent Martinez a text stating, “[N]o deal and I intend to write a bad letter.” Martinez replied stating that he would let Castro and his counsel know. He then sent L.A. another text informing her that they had increased their offer and that he was obligated to inform her of that fact.
{¶ 10} In response, L.A. asked Martinez whether it was illegal for Castro to offer her money before his sentencing. Martinez replied that it was not illegal as long as the offer was to resolve civil claims but that she could not offer “to dismiss” the criminal charges in exchange for the civil settlement. After meeting with a detective to discuss her interactions with Martinez, L.A. sent Martinez a text stating that the prosecutor thought the offer of money was illegal and that the authorities wanted her to move forward with the agreement so that Castro could be charged with bribery. L.A. further stated that she wanted “to agree to the letter to trick [Castro] into getting busted for bribery.” Thereafter, Martinez sent L.A. a letter terminating his representation but stating reasons for that action that were untrue.
{¶ 11} On the advice of counsel, Martinez agreed to proffer testimony to the grand jury in exchange for a misdemeanor charge for his role in the bribery scheme. Calabrese pleaded guilty to engaging in corrupt activity and four counts of bribery with respect to L.A. and Castro’s other victim, and we subsequently disbarred him from the practice of law in Ohio based on those convictions and other criminal conduct. State v. Calabrese, Cuyahoga C.P. No. CR-13-571014-B; Disciplinary Counsel v. Calabrese, 143 Ohio St.3d 229, 2015-Ohio-2073, 36 N.E.3d 151. Martinez testified for the state in the trial of Castro’s two criminal attorneys — Marc Doumbas and Tim Marshall, both of whom were convicted of orchestrating a felonious bribe of Castro’s other victim, and their convictions were affirmed on appeal. State v. Doumbas, 8th Dist. Cuyahoga No. 100777, 2015-Ohio-3026, 2015 WL 4576110; State v. Marshall, 8th Dist. Cuyahoga No. 100736, 2015-Ohio-2511, 2015 WL 3899064. Based on their felony convictions, they have been suspended from the practice of law on an interim basis pursuant *215 to Gov.Bar R. V(5)(A)(4). In re Doumbas, 138 Ohio St.3d 1225, 2014-Ohio-23, 3 N.E.3d 1207; In re Marshall, 138 Ohio St.3d 1227, 2014-Ohio-24, 3 N.E.3d 1209.
{¶ 12} Martinez pleaded no contest to obstructing official business, a second-degree misdemeanor, in violation of R.C. 2921.31(A). He was sentenced to ten days in jail, all suspended; three months of probation; 25 hours of community service; and a $750 fine. State v. Martinez, Cuyahoga C.P. No. CR-13-580051A. He has successfully completed his sentence.
{¶ 13} The parties stipulated and the board found that Martinez’s conduct violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer’s honesty or trustworthiness), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice).
{¶ 14} We adopt the board’s findings of fact and misconduct.
Sanction
{¶ 15} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties the lawyer violated and the sanctions imposed in similar cases. Stark Cty. Bar Assn. v. Buttacavoli, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. We also weigh evidence of the aggravating and mitigating factors listed in Gov.Bar R. V(13).
{¶ 16} The parties stipulated and the board found that relevant mitigating factors in this case include the absence of a prior disciplinary record, a cooperative attitude toward the disciplinary proceedings, evidence of Martinez’s good character and reputation apart from the charged misconduct, and the criminal sanctions imposed for his conduct. See Gov.Bar R. V(13)(C)(1), (4), (5), and (6). The board found Martinez to be a very impressive witness who was contrite and truly remorseful for his misconduct and that his demeanor and testimony demonstrated that he has learned the necessary lessons from this experience. Neither the parties nor the board identified any applicable aggravating factors.
{¶ 17} The board adopted the parties’ recommendation that Martinez be suspended from the practice of law for six months, all stayed, for his misconduct. In support of this recommendation, the board cites Disciplinary Counsel v. Grubb, 142 Ohio St.3d 521, 2015-Ohio-1349, 33 N.E.3d 40. In Grubb, we imposed a stayed six-month suspension on an attorney who was convicted of a first-degree-misdemeanor charge of complicity to commit workers’ compensation fraud by providing funds to a client while the client was receiving temporary-total-disability benefits, in violation of Ohio law.
{¶ 18} We adopt the board’s analysis and agree that a fully stayed six-month suspension is the appropriate sanction in this case.
*216 {¶ 19} Accordingly, Hector Gerald Martinez Jr. is suspended from the practice of law in Ohio for six months, all stayed on the condition that he engage in no further misconduct. If Martinez fails to comply with the condition of the stay, the stay will be lifted and he will serve the entire six-month suspension. Costs are taxed to Martinez.
Judgment accordingly.
Pfeifer, Lanzinger, Kennedy, and O’Neill, JJ., concur.
O’Donnell, J., dissents, with an opinion joined by O’Connor, C.J., and French, J.

. Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. See Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

. The panel also unanimously dismissed one of the four alleged violations in support of which the parties had not submitted testimony or stipulations.