**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Doumbas,* **Slip Opinion No. 2017-Ohio-550.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-550

DISCIPLINARY COUNSEL *v.* DOUMBAS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Doumbas,* Slip Opinion No. 2017-Ohio-550.]**

*Attorneys—Misconduct—Felony convictions—Committing an illegal act that adversely reflects on honesty—Engaging in conduct that is prejudicial to the administration of justice—Indefinite suspension.*

(No. 2016-1149—Submitted January 11, 2017—Decided February 21, 2017.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2014-018.

_____

**Per Curiam.**

{¶ 1} Respondent, Marc George Doumbas of Strongsville, Ohio, Attorney Registration No. 0074028, was admitted to the practice of law in Ohio in 2001. We suspended Doumbas's license on an interim basis, effective January 10, 2014, following his convictions for two felony counts of bribery arising from his

representation of a client in a criminal proceeding. *See In re Doumbas*, 138 Ohio St.3d 1225, 2014-Ohio-23, 3 N.E.3d 1207.

{¶ 2} In a March 3, 2014 complaint, relator, disciplinary counsel, charged Doumbas with violations of Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness) and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice) related to his criminal convictions. The parties entered into joint stipulations of fact, misconduct, and aggravating and mitigating factors. They jointly recommended that Doumbas be indefinitely suspended from the practice of law but disagreed as to whether he should receive credit for the time he has served under the interim felony suspension.

{¶ 3} After hearing testimony from Doumbas and a character witness, a panel of the Board of Professional Conduct adopted the parties' stipulations and recommended that he be indefinitely suspended from the practice of law, with credit for the time he has served under the interim felony suspension. The panel also recommended that he be required to pay his criminal fine and court costs plus the costs of his disciplinary proceedings before he may petition this court to reinstate his license. The board adopted the panel's findings of fact and misconduct and its recommended sanction.

{¶ 4} We adopt the board's report and recommendation and indefinitely suspend Doumbas from the practice of law in Ohio, with credit for the time he has served under his interim felony suspension.

**Misconduct**

{¶ 5} Doumbas and attorney G. Timothy Marshall represented Thomas Castro in a criminal proceeding in which Castro was charged with rape. The board found that following Castro's guilty plea to two counts of sexual battery, Doumbas and Marshall discussed the need to assemble a mitigation package to support their request for a sentence that would include no jail time for Castro. Thereafter,

2

Marshall and Castro's business attorney, Anthony Calabrese, offered substantial payments to Castro's two sexual-assault victims as "civil settlements," purportedly to show that Castro had made restitution for his criminal conduct.

{¶ 6} Doumbas, Castro, Marshall, and Calabrese were indicted in connection with their efforts to bribe Castro's victims to induce them to support leniency in Castro's sentence. The state alleged that Marshall and Calabrese intended to bribe the victims by offering them monetary settlements that were contingent upon their making requests that the sentencing judge not impose jail time on Castro. Although there was no evidence that Doumbas had directly promised, offered, or given anything of value to the witnesses, the state alleged that he had been aware that Marshall and Calabrese had made or intended to make the settlement proposals and he had shared Castro, Marshall, and Calabrese's criminal intent, and therefore, the state alleged, he was complicit in the bribery.

{¶ 7} A jury convicted Doumbas of two of the three third-degree felony counts of bribery for which he was indicted. On December 4, 2013, he was sentenced to concurrent one-year prison terms and up to three years of postrelease control and ordered to pay a "$10,000 fine on each count, concurrent."

{¶ 8} Doumbas completed his prison sentence, and no postrelease control was ordered. At the time of his June 2, 2016 hearing in this matter, he had not paid any portion of his fine or court cost—which at the time of his sentencing totaled approximately $12,500. Doumbas continues to maintain his innocence. However, the Eighth District Court of Appeals affirmed Doumbas's convictions, finding that there was sufficient evidence to support the jury's verdict and that the verdict was not against the manifest weight of the evidence. *State v. Doumbas*, 8th Dist. Cuyahoga No. 100777, 2015-Ohio-3026, *appeal not accepted*, 144 Ohio St.3d 1460, 2016-Ohio-172, 44 N.E.3d 288. The appellate court subsequently denied Doumbas's App.R. 26 motion to reopen his appeal. *State v. Doumbas*, 8th Dist.

Cuyahoga No. 100777, 2016-Ohio-956, *appeal not accepted*, 146 Ohio St.3d 1430, 2016-Ohio-4606, 52 N.E.3d 1430.

{¶ 9} The parties stipulated and the board found that Doumbas committed an illegal act that adversely reflects on his honesty or trustworthiness in violation of Prof.Cond.R. 8.4(b) and that his actions were also prejudicial to the administration of justice in violation of Prof.Cond.R. 8.4(d). No objections have been filed, and we adopt the board's findings of fact and misconduct.

**Sanction**

{¶ 10} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 11} The board understood Doumbas's desire to demonstrate to the sentencing judge that Castro had compensated his victims for the harm that they had suffered from his sexual assaults. But it also concluded that any reasonable lawyer would have recognized the inherent risk that any settlement offer made to the victims in those circumstances could be interpreted as an attempt to influence their statements at the perpetrator's sentencing hearing. Although there was no evidence that Doumbas directly promised, offered, or gave anything of value to the victims, the jury and the court of appeals determined that there was sufficient circumstantial evidence of his complicity in the acts of bribery. And the board reasoned that, as Castro's designated trial counsel, Doumbas must be held accountable for the negotiations that he left to the discretion of Marshall and Calabrese and the harm that they produced. The board also noted that Doumbas has denied any criminal culpability at trial, on appeal, and in this disciplinary matter and has indicated that he intends to collaterally attack his convictions in the federal courts upon exhausting available state remedies. Therefore, the board adopted the parties' two stipulated aggravating factors—the vulnerability of and resulting harm

to the victims and Doumbas's refusal to acknowledge the wrongful nature of his misconduct. *See* Gov.Bar R. V(13)(B)(7) and (8). The board also found that Doumbas had offered no justification for his failure to pay his criminal fine and court costs other than his ongoing efforts to overturn his convictions, and consequently, it identified his failure to pay them as an additional aggravating factor.

**{¶ 12}** As mitigating factors, the parties stipulated and the board found that Doumbas has no prior discipline, he has served the period of incarceration imposed for his criminal offense, and he has demonstrated a cooperative attitude toward the disciplinary proceedings. *See* Gov.Bar R. V(13)(C)(1), (4), and (6). They also acknowledged that Doumbas submitted positive character evidence. A friend and client of Doumbas, Steven Boukis, testified that Doumbas had handled approximately 25 cases for him and his family and that he had referred approximately 40 other people to him for legal representation—all of whom informed him of their satisfaction with Doumbas's representation. While he understood the seriousness of Doumbas's criminal convictions and the disciplinary charges, Boukis testified that he and his friends and acquaintances would not hesitate to employ him as their attorney if his license is reinstated.

**{¶ 13}** Doumbas also submitted six character letters—including two from judges of the Cuyahoga County Court of Common Pleas—attesting to his dedication and skill as an advocate and to his reputation for honesty and integrity. *See* Gov.Bar R. V(13)(C)(5). And despite Doumbas's insistence that he was wrongly convicted, the board found that he was "contrite and remorseful in his testimony," that he was sincere in describing the serious effects his convictions have had on him personally and professionally, and that he is unlikely to engage in similar misconduct in the future.

**{¶ 14}** The parties jointly recommended and the board agreed that Doumbas should be indefinitely suspended from the practice of law for his misconduct. In

considering that recommendation, the board compared Doumbas's conduct to that of the other attorneys—Martinez and Calabrese—disciplined for their roles in the Castro bribery matter.[1]

{¶ 15} Martinez represented one of Castro's victims in settlement negotiations with Calabrese. For his role in the bribery scheme, he pleaded no contest to obstructing official business, a second-degree misdemeanor, and was sentenced to ten days in jail, all suspended; three months of probation; 25 hours of community service; and a $750 fine. *State v. Martinez*, Cuyahoga C.P. No. CR-13-580051-A. We suspended his license to practice law in Ohio for six months, all stayed on the condition that he engage in no further misconduct. *Disciplinary Counsel v. Martinez*, 146 Ohio St.3d 212, 2016-Ohio-2709, 54 N.E.3d 1210.

{¶ 16} In contrast, Calabrese pleaded guilty to 27 felony counts—only five of the counts (one count of engaging in corrupt activity and four counts of bribery) were related to his actions with regard to Castro's victims—and was sentenced to nine years in prison and ordered to pay hundreds of thousands of dollars in restitution, fines, and forfeitures. *Disciplinary Counsel v. Calabrese*, 143 Ohio St.3d 229, 2015-Ohio-2073, 36 N.E.3d 151, citing *United States v. Calabrese*, N.D.Ohio case No. 1:11CR437; *State v. Calabrese*, Cuyahoga C.P. No. CR-13-576241; and *State v. Calabrese*, Cuyahoga C.P. No. CR-13-571014. Based on those convictions, we disbarred him from the practice of law in Ohio. *Id.* at ¶ 26.

{¶ 17} The board found that Doumbas's misconduct was more severe than Martinez's but less egregious than Calabrese's and agreed that an indefinite suspension is the appropriate sanction. The board recommended that we credit Doumbas for the time he has served under his January 10, 2014 interim felony

---

[1] Marshall was convicted of orchestrating a felonious bribe of one of Castro's victims, and his conviction was affirmed on appeal. *State v. Marshall*, 8th Dist. Cuyahoga No. 100736, 2015-Ohio-2511. He was suspended from the practice of law on an interim basis pursuant to former Gov.Bar R. V(5)(A)(4) (now Gov.Bar R. V(18)) in January 2014. *In re Marshall*, 138 Ohio St.3d 1227, 2014-Ohio-24, 3 N.E.3d 1209. He died just before Doumbas's June 2016 disciplinary hearing.

suspension because his misconduct was a one-time violation, he presented significant mitigating evidence, he did not profit from his misconduct, he did not cause grave harm to others, and he appears to have been changed for the better by the criminal and disciplinary processes.

{¶ 18} In support of the recommendation to credit Doumbas for the time he has served under the interim suspension, the board cited several cases in which this court granted credit for time served under an interim suspension. *See*, *e.g.*, *Disciplinary Counsel v. Gittinger*, 125 Ohio St.3d 467, 2010-Ohio-1830, 929 N.E.2d 410, ¶ 47 (attorney's misconduct was a one-time violation, there was significant mitigating evidence, attorney did not receive any tangible personal gain or profit from the misconduct, and the misconduct did not result in grave harm to others); *Disciplinary Counsel v. Blaszak*, 104 Ohio St.3d 330, 2004-Ohio-6593, 819 N.E.2d 689, ¶ 12, 24-25 (attorney was contrite, had completed his sentence, had cooperated, had already been suspended for more than two years under the interim suspension, had an exemplary record of professional and community service, and presented approximately 90 letters confirming his good character and integrity and expressing gratitude and appreciation for his professional assistance); *Disciplinary Counsel v. Kraemer*, 126 Ohio St.3d 163, 2010-Ohio-3300, 931 N.E.2d 571, ¶ 7, 14 (granting partial credit for time served when attorney accepted responsibility and expressed sincere remorse for his conduct, the offenses occurred over a short period of time [four months], attorney had misappropriated a comparatively small amount of money from his firm, and the relator did not object to giving credit). The board also recommended that Doumbas be required to fully pay his criminal fine and court costs and the costs of his disciplinary proceedings before he may petition for reinstatement of his license to practice law.

{¶ 19} We agree that an indefinite suspension is the appropriate sanction for Doumbas's misconduct and that granting credit for the time he has served is appropriate on the facts of this case.

**{¶ 20}** Accordingly, Marc George Doumbas is indefinitely suspended from the practice of law in Ohio, with credit for the time he has served under his interim felony suspension. At the time he files a petition for reinstatement pursuant to Gov.Bar R. V(25), he must submit proof that his criminal fine and court costs and the costs of his disciplinary proceedings have been paid in full. Costs are taxed to Doumbas.

Judgment accordingly.

FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

O'CONNOR, C.J., and O'DONNELL and KENNEDY, JJ., dissent and would not grant respondent credit for time served under interim felony suspension.

_____

Scott J. Drexel, Disciplinary Counsel, and Joseph M. Caligiuri, Chief Assistant Disciplinary Counsel, for relator.

Marc George Doumbas, pro se.

_____